UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ORLAND OIL & GAS LLC, and NICHOLAS HAROS | § § § | |
| *Plaintiffs,* | § § | |
| vs. | § § | Civil Action No. _____ |
| JOHN CIURCINA, | § § § | |
| *Defendant.* | § | |

# **PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW ORLAND OIL & GAS LLC ("Plaintiff" or "Orland") and NICHOLAS HAROS ("Plaintiff" or "Haros") and file this Complaint against Defendant JOHN CIURCINA ("Defendant") of Garden City, New York, for declaratory judgment and for cause would respectfully states as follows:

## **NATURE OF THE ACTION**

ORLAND OIL & GAS LLC and NICHOLAS HAROS seek declaratory relief pursuant to Title 28, United States Code §§ 2201 and the Texas Declaratory Judgment Act (Texas DJA), Section 37.001 *et seq.* of the Texas Civil Practice and Remedies Code. As alleged herein, a real, substantial and immediate controversy is presented regarding the rights, liabilities, status and legal relations of the parties in connection with a claimed partnership interest in Orland and/or Haros. Orland and Haros seek a determination that Defendant is not a de facto partner in the limited liability company or a de facto partner with Haros. Declaratory relief, as requested herein, is necessary to preserve the rights that otherwise may be lost or impaired, and is intended to terminate controversy and remove uncertainties between the parties.

## PARTIES

Plaintiff, ORLAND OIL AND GAS LLC, is a Texas limited liability company which focuses solely on operating oil and gas wells as a contractor through third party entities which have leasehold interests in a number of counties surrounding Abilene, Texas. Orland maintains its principal place of business in Fort Lauderdale, Florida with a base in Abilene, Texas. All of its operations are in and around the counties close to or contiguous to Taylor County, Texas.

Plaintiff, NICHOLAS HAROS, is an individual residing in Fort Lauderdale, Florida, and is the Managing Member of ORLAND OIL AND GAS LLC.

Defendant, JOHN CIURCINA, is an individual residing in Garden City, New York, and may be served with process at his regular place of business, John Ciurcina, Attorney at law LLC, 106 7th Street, Suite 207, Garden City, New York 11530.

## JURISDICTION AND VENUE

Jurisdiction of this action is based on Title 28, United States Code, § 1331 and Title 28, United States Code, § 1332(a), there being complete diversity of citizenship between the parties. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

Venue is proper in the Abilene Division of the Northern District of Texas pursuant to 28 U.S.C. § 1391 (b)(2), as a substantial part of the events or omissions giving rise to this matter occurred in this Division and some of the oil and gas interests at issue are within this Division (interests also lie in the Lubbock and San Angelo Divisions). All of Orland's oil and gas operating contracts are within the Northern District of Texas.

This Court is authorized to grant the relief sought herein under the Federal Declaratory Judgment Act, Title 28, United States Code Section 2201, et seq. and the Texas Declaratory Judgment Act, Section 37.001 et seq. of the Texas Civil Practice and Remedies Code.

## FACTUAL BACKGROUND

In or around September of 2015, Orland Oil & Gas LLC, a Texas limited liability company, was formed for the purpose of operating oil and gas leasehold interests for other entities in and around Abilene, Texas. Nicholas Haros is the President and managing member of Orland Oil & Gas LLC.

Orland Oil & Gas LLC acquired its Texas Railroad Commission Oil and Gas operator's license and operates under license #626226 and has been the contract operator on several different leasehold interests here in Texas.

Orland acquired its first operator's contract in 2015 and currently operates oil and gas wells in Coleman, Jones, Scurry, and Shackelford Counties, by and through leasehold interests owned by other entities.

Orland continues its operations to this day.

At no time was the Defendant a partner, or even a member, in Orland Oil & Gas LLC, and at no time was Defendant a partner, or an owner or member, of any entity which owns the leasehold interests being operated by Orland. At no time was Defendant a partner with Haros in any entity or venture concerning the oil and gas operations and acquisitions in Texas.  At different times, Defendant acted in his capacity as a lawyer, advisor, agent and representative for Orland and/or Haros from the beginning of the business and with regard to potential oil and gas investments and acquisitions. However, since sometime in the summer of 2016, less than a year after Orland Oil & Gas LLC was formed, Defendant has not acted on behalf of Orland Oil & Gas

LLC or Haros or any other entity in which Haros has an interest, in any capacity. In fact, around this same time frame in 2016, Defendant made demand on Plaintiffs for payment of $220,000.00 plus a 10% interest in the oil and gas operation. It was unclear from the demand just what type of interest Defendant was seeking, but he made no allegation of a partnership.

In October of 2018, Defendant hired the law firm of Pastore & Daily LLC to make demand on both Plaintiffs for payment of Defendant's share of profits alleged to have been made by an oral de facto partnership purportedly involving Defendant and Orland Oil & Gas LLC and/or Nicholas Haros in the operation of the oil and gas leasehold interests in Texas as described above. Defendant now is claiming to be a 50% equal partner in what he referred to as the "Orland partnership," although no such legal entity exists, nor is there any written agreement to such an effect. Again, Defendant made no claim of a partnership in his 2016 demand. Defendant initially made demand and the allegation of a partnership via letter to Haros dated October 31, 2018. Defendant has reiterated his partnership claims in subsequent demand letters dated December 11, 2018, and January 4, 2019, despite communications from the Plaintiffs in which the partnership claims have been refuted.

It is unclear what entities and or individuals the Defendant includes when his demands referred to the "Orland partnership." Apparently, the Defendant does not know who owns which leasehold oil and gas interest. Neither Orland nor Haros own any of the leasehold interests as Orland just acts as a contract operator. In fact, other LLC's actually own the leasehold interests. Defendant is not a member or partner of any other LLC that owns the leasehold oil and gas interests.

Accordingly, Plaintiffs each seek a declaratory judgment that no partnership exists by and between or in any way involving the Defendant, John Ciurcina.

## CLAIM FOR RELIEF—DECLARATORY JUDGMENT

Plaintiffs incorporate by reference here all of the allegations set forth in this pleading above, as if fully set forth at length.

An actual and justiciable controversy has arisen between the parties within the meaning of the Federal Declaratory Judgment Act, 28 U.S.C. §2201, *et seq*. and the Texas Declaratory Judgment Act, Section 37.001 *et seq*. of the Texas Civil Practice and Remedies Code, and Plaintiffs seek a judicial declaration that Defendant is not a de facto partner in Orland Oil & Gas LLC and possesses no ownership interest in the company. Plaintiffs further seek a judicial declaration that Defendant is not a partner in a de facto partnership with Nicholas Haros.

### I. The Parties Never Created a Partnership

Defendant claims to be a de facto partner in this phantom "Orland partnership" through an oral agreement with Nicholas Haros. Based on the accusations from demand letters and a drafted complaint, Defendant is relying solely on his own conclusory statements about the alleged oral agreement. He acknowledges this alleged "Orland partnership" was never reduced to a written agreement. Plaintiffs would respectfully submit this is because no partnership was ever intended, formed, or existed.

A de facto partnership was not created and is in no way evidenced by the Parties' course of performance. The Texas Business Organizations Code sets out "Rules for Determining if Partnership is Created". Tex. Bus. Orgs. Code Ann. § 152.052. The factors listed as indicating the creation of a partnership include 1) receipt or right to receive a share of profits of the business; 2) expression of an intent to be partners in the business; 3) participation or right to participate in control of the business; 4) sharing or agreeing to share: (A) losses of the business or (B) liability for claims by third parties against the business; 5) contributing or agreeing to

contribute money or property to the business. *Id*. The Texas Supreme Court has adopted a "totality-of-the-circumstances test" for partnership formation pursuant to § 152.052. *See Ingram v. Deere,* 288 S.W.3d 886, 896 (Tex. 2009). Under the guidelines of *Ingram* and the Texas Business Organization Code, the Parties' course of performance and course of dealings clearly indicate that a partnership was not intended and did *not* exist as a matter of law.

Accordingly, Plaintiffs seek declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, and Tex. Civ. Prac & Rem. Code § 37.004(b) that a partnership was not created under Texas law and that Defendant is not now, nor ever has been, a de facto partner in Orland or with Haros.

## CONDITIONS PRECEDENT

All conditions precedent have been performed or have occurred prior to Plaintiffs bringing suit for declaratory judgment.

## ATTORNEYS' FEES

As part of the Declaratory Judgment sought herein, Plaintiffs seek an award of its reasonable and necessary attorneys' fees and costs of court in accordance with Tex. Civ. Prac & Rem. Code § 37.009.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ORLAND OIL & GAS LLC and NICHOLAS HAROS respectfully request that Defendant JOHN CIURCINA, be cited to appear and answer and that, upon final trial hereof, or as otherwise determined by the Court, this Honorable Court enter judgment in favor of Plaintiffs and against the Defendant as follows:

1) A declaratory judgment by the Court that a partnership was not created under Texas law and that Defendant is not now, nor ever has been a de facto partner in Orland or a de facto partner with Haros;

2) Attorneys' fees to the maximum extent permitted by law;

3) Costs of suit; and

4) All such other and further relief, general or special, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

BY: /s/ Robert B. Wagstaff
**Robert B. Wagstaff**
**State Bar No. 20665000**
rwagstaff@mcmahonlawtx.com

MCMAHON SUROVIK SUTTLE, P.C.
P. O. Box 3679
Abilene, TX   79604
(325) 676-9183 Telephone
(325) 676-8836 Fax

ATTORNEY FOR PLAINTIFFS