No. 1:19-cv-00014-C

In the UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

*ORLAND OIL & GAS LLC, and NICHOLAS HAROS*

PLAINTIFFS,

v.

JOHN CIURCINA,

DEFENDANT.

MOTION TO STRIKE AND BRIEF IN SUPPORT

Steven Pitzner
STEVEN R. PITZNER, PC
10701 Gleneagles Lane
Rowlett, TX 75089
(469) 426-5027

Joseph M. Pastore III (*pro hac vice pending*)
PASTORE & DAILEY LLC
1350 Avenue of the Americas, 2nd Floor
New York, NY 10019
(203) 658-8455
(203) 348-0852 (fax)

**ATTORNEYS FOR DEFENDANT
JOHN CIURCINA**

**March 11, 2019**

## TABLE OF CONTENTS

1TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ............................................................................................ ii

DEFENDANT'S MOTION TO STRIKE AND BRIEF IN SUPPORT ........................... 1

    I.   PROCEDURAL AND FACTUAL BACKGROUND ........................................ 1

    II.  ARGUMENT ...................................................................................................... 4

    III. CONCLUSION .................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Berry v. Lee*, 428 F. Supp. 2d 546 (N.D. Tex. March 8, 2006) .................................................. 4, 6

*Columbia Pictures Industries, Inc. v. Schneider*, 435 F. Supp. 742 (S.D. N.Y. 1977), aff'd, 573 F.2d 1288 (2d Cir. 1978)) ................................................................................................................ 9

*Companion Prop. & Cas. Ins. Co. v. Opheim*, 92 F.Supp.3d 539 (N.D. Tex. 2015) ................. 5, 9

*Dugan v. Mercedes-Benz USA, LLC*, 2017 U.S. Dist. LEXIS 154637 (D. E.D. La.., 2017) .......... 8

*In re Beef Indus. Antitrust Litig.*, 600 F2d 1148, 1168 (5th Cir 1979) .......................................... 4

*Jacbos v. Tapscott*, 2004 WL 2921806 (N.D. Tex. Dec. 16, 2004) ................................................ 4

*Kelly v. L.L. Cool J.*, 145 F.R.D. 32 (S.D.N.Y. 1992) ................................................................ 4, 7

*Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284 (5th Cir. 2010) .......................... 5, 6

*Phila.'s Church of Our Savior v. Concord Twp.*, 2004 U.S. Dist. WL 1824356 (E.D. Pa. July 27, 2004) .............................................................................................................................................. 6

*Ramada Dev. Co. v. Rauch*, 644 F.2d 1097 (5th Cir. 1981) .......................................................... 6

*Todhunter, Mandava & Assocs. v. I.C.C.I. (Holdings) Pty. Ltd.*, C.A. No. 88-3031, 1991 WL 166585 (D.D.C. Aug. 14, 1991) ..................................................................................................... 7

*United States ex rel. Alsaker v. CentraCare Health Sys., Inc.*, 2002 U.S. Dist. WL 1285089 (D. Minn. June 5, 2002) ........................................................................................................................ 6

*United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) ............................................................... 8

**Rules**

Fed. R. Civ. P. 12(f) ........................................................................................................................ 4

Fed. R. Evid. 403 ............................................................................................................................. 7

Fed. R. Evid. 408 ............................................................................................................................. 5

**Treatises**

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2004) ................................................................................................................................................ 4

Joreme G. Snider, Howard A. Ellins & Michael S. Flynn, *Corporate Privileges and Confidential Information* § 12.02 (2018) ............................................................................................................. 5

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ORLAND OIL & GAS LLC, and<br>NICHOLAS HAROS<br><br>        *Plaintiffs*,<br><br>vs.<br><br>JOHN CIURCINA,<br><br>        *Defendant*. | § § § § § § § § § § § | Civil Action No. 1:19-cv-00014-C |

## DEFENDANT'S MOTION TO STRIKE AND BRIEF IN SUPPORT

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Defendant, John Ciurcina ("Mr. Ciurcina"), through his attorneys, hereby moves this court for an order striking Orland Oil & Gas LLC's ("Orland") and Nicholas Haros' ("Mr. Haros") (collectively "Plaintiffs") references to confidential settlement discussions made by Plaintiffs in Plaintiffs' Amended Complaint for Declaratory Judgment (the "Amended Texas Complaint") and accompanying Appendix to Plaintiffs' Amended Complaint for Declaratory Judgment (the "Appendix").

### I. PROCEDURAL AND FACTUAL BACKGROUND

From 2014 through 2016, Mr. Ciurcina counseled Orland and Mr. Haros in business and legal matters in New York with regards to certain oil and gas acquisitions. (Ciurcina Declaration ¶ 6) (Docket No. 14) (Hereinafter "Ciurcina Decl."). Mr. Ciurcina performed over 3,000 hours of business and legal services for Plaintiffs, which culminated in Plaintiffs purchasing and operating many oil and gas wells in Texas. (Ciurcina Decl. ¶ 8) (Amended Compl. at p. 4). Mr. Ciurcina understandably performed his services with the expectation that he would be appropriately

1

compensated. (Ciurcina Decl. ¶ 6). However, Plaintiffs have refused to compensate Mr. Ciurcina for his extensive work on their behalf, (Ciurcina Decl. ¶ 5), which has resulted in substantial unjust enrichment to Plaintiffs in the form of the value of the services rendered by Mr. Ciurcina as well as oil and gas investment profits believed to be several million dollars. (*See* Eastern District of New York Complaint) (Docket No. 14).

After Plaintiffs refused Mr. Ciurcina's personal attempts to obtain compensation, Mr. Ciurcina hired New York legal counsel to remedy his damages. From October 31, 2018 through approximately January 22, 2019, Mr. Ciurcina conducted settlement discussions with Plaintiffs in New York to settle his New York claims against Orland and Mr. Haros. (Declaration of Joseph M. Pastore III ¶ 2, 9) (Docket No. 14) (Hereinafter "Pastore Decl."). Through these confidential settlement discussions, Mr. Ciurcina provided Plaintiffs with his drafted Eastern District of New York complaint (the "New York Complaint") to further progress the settlement discussions. (Pastore Decl. ¶ 5-6). Plaintiffs operated in bad faith by misleading Mr. Ciurcina to believe that they needed more time to consider his last settlement proposal. In reality, they were drafting and filing their original Texas complaint (the "Texas Complaint") in this matter in order to litigate this matter in the forum of their choosing to the detriment of Mr. Ciurcina, the real aggrieved party. (Pastore Decl. ¶ 10).

On February 28, 2019, Mr. Ciurcina filed a Motion to Dismiss Plaintiffs' original Texas Complaint on the ground that it was an anticipatory filing. (*See* Docket No. 9). In response, Plaintiffs submitted the Amended Texas Complaint, which aims to refute any liability.[1] (Amended Compl.).

---

[1] Mr. Ciurcina has filed concurrently with this Motion to Strike a Motion to Dismiss Plaintiffs' Amended Complaint on the grounds that the Court has discretion not to decide the case under the Declaratory Judgment Act as an abuse of such act by means of an anticipatory filing in bad faith. Mr. Ciurcina suggests that the public filing of settlement communications in this case only underscores Plaintiffs' clear bad faith motives in its filing.

2

Plaintiffs' entire Amended Texas Complaint is based on confidential settlement communications, which Plaintiffs have attached to their Amended Texas Complaint as exhibits and filed publicly with this Court. For example, on page four of the Amended Texas Complaint, Plaintiffs reference "settlement demands" sent to them by Mr. Ciurcina and cite to "Exhibit B," (Amended Compl. at p. 4), which is a confidential settlement letter created for an intended to be a part of the negotiations towards settlement and bearing a bold underlined banner stating, "**FOR SETTLEMENT PURPOSES ONLY – IN ANTICIPATION OF LITIGATION**." (Amended Compl., Exhibit B).

On page five of the Amended Texas Complaint, Plaintiffs reference two confidential settlement letters and a draft complaint, which was attached to one of the letters. Plaintiffs admit that the draft complaint was "attached" to settlement correspondence and claim that "set[s] out the supposed factual and legal basis for claimed partnership interest." (Amended Compl. at p. 4-5). Plaintiffs then attached the confidential draft complaint, which bears a "draft" watermark, to the Amended Texas Complaint as Exhibit C. (Amended Compl., Exhibit C). Plaintiffs discuss the substance of multiple confidential settlement letters and attach another confidential settlement letter—bearing the same bold and underlined banner as above—to the Amended Texas Complaint as Exhibit D. (Amended Compl. at p. 5, Exhibit D).

All such assertions are references to confidential settlement communications, which Plaintiffs were not privileged to quote, reference or attach to a publicly filed document and would not otherwise be admissible. Such references are prohibited under Federal Rules of Evidence Rule 403 and 408 and are not admissible in this matter, and all such references should be disregarded by the Court. This Court should exercise its liberal discretion to strike any and all references to

3

settlement discussions from the Amended Texas Complaint under Rule 12(f) of the Federal Rules of Civil Procedure.

## II. ARGUMENT

### a. Motions to Strike Under Rule 12(f)

The decision whether to grant a motion to strike under Rule 12(f) is within the discretion of the court. *Jacobs v. Tapscott*, 2004 WL 2921806, at *2 (N.D. Tex. Dec. 16, 2004) (Fitzwater, J.). Under the permissive language of the rule, the Court has "ample discretion" to strike. *In re Beef Indus. Antitrust Litig.*, 600 F2d 1148, 1168 (5th Cir 1979). Rule 12(f) authorizes the court to order stricken from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court may strike such matter *sua sponte* or on motion. *Id.*

### b. Settlement Negotiations should be Stricken from Pleadings Pursuant to Rule 408

Courts have used Rule 12(f) to strike allegations from complaints that detail settlement negotiations within the ambit of Rule 408 of the Federal Rules of Evidence. *See Berry v. Lee*, 428 F. Supp. 2d 546, 562 (N.D. Tex. March 8, 2006) (Fitzwater, J.); *see also Phila.'s Church of Our Savior v. Concord Twp.*, 2004 U.S. Dist. WL 1824356, at *2 (E.D. Pa. July 27, 2004); *see also Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 40 (S.D.N.Y. 1992). Under Rule 408, evidence of furnishing, promising or offering to furnish a valuable consideration in compromising or attempting to compromise a claim and evidence of conduct or statements made during compromise negotiations about the claim are not admissible to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction. Fed. R. Evid. 408.

4

The exclusionary powers under Rule 408 are based on two considerations. First, "the evidence is irrelevant, since the offer may be motivated by a desire for peace rather than from any concession of weakness of position." Joreme G. Snider, Howard A. Ellins & Michael S. Flynn, *Corporate Privileges and Confidential Information* § 12.02 (2018). Second, and most importantly, the rule's exclusion of settlement evidence furthers public policy by promoting the voluntary settlement of disputes, which would be discouraged if evidence of compromise were later used in court. *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284 (5th Cir. 2010).

Rule 408's exclusion attempts to promote "the public policy favoring the compromise and settlement of disputes." *Companion Prop. & Cas. Ins. Co. v. Opheim*, 92 F.Supp.3d 539 (N.D. Tex. 2015). Using relevant evidence brought up in settlement negotiation in related litigation would undermine the purpose of Rule 408. *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 298 (5th Cir. 2010). Rule 408 fosters free discussion in connection with negotiations. Of course, parties in settlement discussions may discuss claims that they later find less persuasive or unsupported after further investigation and use puffery to advance a set of facts most favorable to their position. Thus, the question under the rule is "whether the statements or conduct were intended to be part of the negotiations toward compromise." *See, Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1106 (5th Cir. 1981).

A review of the relevant case law demonstrates that District Courts routinely strike references to settlement discussions made within the pleadings as inadmissible under Rule 408. *See, Berry v. Lee*, 428 F. Supp. 2d 546, 562 (N.D. Tex. March 8, 2006) (Fitzwater, J.). *See also, e.g., Phila.'s Church of Our Savior v. Concord Twp.*, 2004 U.S. Dist. WL 1824356, at *2 (E.D. Pa. July 27, 2004) ("While Rule 408 does not apply to pleadings directly…allegations in a complaint may be stricken, under Rule 12(f), as violative of these policies."); *United States ex*

5

*rel. Alsaker v. CentraCare Health Sys., Inc.*, 2002 U.S. Dist. WL 1285089, at *2 (D. Minn. June 5, 2002) ("Under Rule 408, evidence of conduct or statements made in compromise negotiations is inadmissible to prove liability. Although this is a rule of evidence, courts have routinely granted motions to strike allegations in a pleading that fall within the scope of Rule 408.") (citation omitted)); *see also Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 40 (S.D.N.Y. 1992) (granting defendant's motion to strike portions of a complaint that referenced settlement discussions under Rule 408 as immaterial and potentially prejudicial).

Here, given that there can be no question that the references and exhibits to the Amended Texas Complaint were made during settlement discussions, as defined under Rule 408, due to the communications being conspicuously labeled as such by Mr. Ciurcina, this Court should exercise its discretion to strike such references from the Amended Texas Complaint and Plaintiffs' supporting documents in their Appendix as they are irrelevant to this matter.

c. <u>Settlement Negotiations should be Stricken from Pleadings Pursuant to Rule 403</u>

In addition to the above, if the allegations in a complaint are prejudicial to the defendant, a motion to strike may be granted. *Todhunter, Mandava & Assocs. v. I.C.C.I. (Holdings) Pty. Ltd.*, C.A. No. 88-3031, 1991 WL 166585 (D.D.C. Aug. 14, 1991) (Lamberth, J.). Even if this Court were to find that the references to settlement discussions are excluded from the protections of Rule 408 and somehow relevant, under Rule 403 of the Federal Rules of Evidence, a court may exclude relevant evidence if its probative value is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also United States v. Beechum*, 582 F.2d 898, 913 (5th Cir. 1978). It is well recognized that the risks of prejudice and confusion entailed in receiving settlement evidence are such that often Rule 403

and the underlying policy of Rule 408 require exclusion even when a permissible purpose can be discerned. *Dugan v. Mercedes-Benz USA, LLC*, 2017 U.S. Dist. LEXIS 154637 (E.D. La., 2017).

Here, the references to settlement discussions should be stricken under Rule 403 as they confuse the issues in this matter and are highly prejudicial to Mr. Ciurcina. First, this entire action is based upon Plaintiffs reviewing Mr. Ciurcina's draft New York Complaint and styling a Texas declaratory relief action around the proposed New York claims, which, at the time, included, among other claims, partnership and breach of fiduciary duty claims. Such claims were abandoned during settlement discussions as it became clear that Mr. Ciurcina's strongest claims against Orland and Mr. Haros were quantum meruit and unjust enrichment. However, Plaintiffs' Amended Texas Complaint still references partnership claims, which have since been abandoned, and is replete with references to settlement discussions of those claims. Any reference to such claims during settlement discussions needlessly complicates the true issue in this matter, which is that Mr. Ciurcina has not been paid for the value of his services.

Second, the references to settlement discussions are highly prejudicial to Mr. Ciurcina. There is a strong public policy in favor of pre-litigation settlement discussions to encourage parties to resolve their disputes out of court. *Companion Prop. & Cas. Ins. Co. v. Opheim*, 92 F.Supp.3d 539 (N.D. Tex. 2015); *Columbia Pictures Industries, Inc. v. Schneider*, 435 F. Supp. 742, 747-48 (S.D. N.Y. 1977), aff'd, 573 F.2d 1288 (2d Cir. 1978)). Mr. Ciurcina communicated with Plaintiffs in order to have an open discussion about the parties' relationship and the monies owed to Mr. Ciurcina. These communications were made in confidence and are now being publicized by Plaintiffs. Allowing Plaintiffs to do so would discourage open discussions in pre-litigation settlement and cause parties to be hesitant about being truthful and disclosing their full legal positions, knowing that it could be used against them in court.

Furthermore, a jury could look at these discussions and devalue Mr. Ciurcina's claims against the Plaintiffs. There is a real danger that a jury could interpret the fact that Mr. Ciurcina abandoned several of his claims pre-litigation to mean that his remaining claims are not as strong as they are. A jury could look negatively on the fact that Mr. Ciurcina approached the litigation from the perspective of a partner and chose to pursue claims as a service provider. Plaintiffs should not be able to paint Mr. Ciurcina in such a light to a potential jury simply because he chose to litigate his strongest claims against the Plaintiffs. Because the references to settlement negotiations confuse the true issues in this matter and because the references unfairly prejudice Mr. Ciurcina, they should be stricken from the pleadings under Rule 403.

### III. CONCLUSION

For the foregoing reasons, the above references, citations and attachments of settlement discussions are prohibited under Rule 408 as evidence of offering valuable consideration in compromising or attempting to compromise a claim and should be stricken from the Amended Texas Complaint. In addition, under Rule 403, the settlement discussions confuse the issues and substantially prejudice Mr. Ciurcina in that his confidential communications for settlement purposes are being used against him in this declaratory judgment action. The use of such communications penalizes Mr. Ciurcina for seeking to resolve this matter without the use of the Courts and would otherwise promote a policy that dissuades potential litigants from engaging in pre-litigation settlement negotiations. As such, Mr. Ciurcina respectfully requests that this Court strike all references to settlement negotiations discussed above in full from the Amended Texas Complaint and Plaintiffs' Appendix in support. Permitting this action to proceed forward with these references on record will only reward Plaintiffs for their deceptive conduct during

settlement discussions and penalize Mr. Ciurcina for attempting to resolve the dispute without judicial intervention.

Dated: March 11, 2019

                Respectfully submitted,

                */s/ Steven R. Pitzner*
                Steven R. Pitzner
                10701 Gleneagles Lane
                Rowlett, TX 75089
                469-426-5027

                Joseph M. Pastore III (*pro hac vice pending*)
                PASTORE & DAILEY LLC
                1350 Avenue of the Americas, 2nd Floor
                New York, NY 10019
                (203) 658-8455
                (203) 348-0852 (fax)

                **ATTORNEYS FOR DEFENDANT**
                **JOHN CIRUCINA**

## CERTIFICATE OF SERVICE

I certify that a copy of the above was or will immediately be mailed or delivered electronically or nonelectronically on March 11, 2019, to all counsel of record:

MCMAHON SUROVIK SUTTLE, P.C.
Robert Wagstaff, Esq.
P.O. box 2679
Abilene, Texas 79604
325-676-9183
rwagstaff@mcmahonlawtx.com

RICHARD L. HERZFELD, P.C.
Richard Herzfeld, Esq.
112 Madison Avenue
8th Floor
New York, New York 10016
rherzfeld@herzfeld.com

/s/ Steven R. Pitzner
Steven R. Pitzner